[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15760
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02404-SCJ

ANTOINE ANTONIO WHITE,

Plaintiff – Counter Defendant,
Appellant,

versus

DUANE L. HIERS, JR.,
THE CITY OF RIVERDALE,

Defendants – Counter Claimants,
Appellees.

SAMUEL F. PATTERSON,
Riverdale Police Department both in his personal
capacity and in his official capacity as an Agent of
the City of Riverdale, et al.

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 9, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Antoine Antonio White appeals the summary judgment against his complaint of a false arrest by Officer Duane Hiers Jr. and the City of Riverdale. *See* 42 U.S.C. § 1983. The district court ruled that White's complaint was barred by the two-year statute of limitation for personal injuries. *See* Ga. Code Ann. § 9-3-33. We affirm.

## I. BACKGROUND

On July 19, 2013, White complained that he had been arrested without "probable cause or arrest warrants." White alleged that, on May 17, 2011, Hiers arrived at White's workplace to investigate a theft and that Hiers questioned White, seized a "handgun [that White had stored] in his backpack, which was under [his] desk," and left. Later that day, Hiers arrested White for carrying a concealed weapon and then White was "detained [in jail] for several hours until he was released on bail." On January 10, 2012, the state court nol prossed the charge against White.

2

The district court granted White's application to proceed in forma pauperis and reviewed his complaint to determine if it was frivolous. *See* 28 U.S.C. § 1915(e). Later, the district court took judicial notice of the docket sheet in White's criminal case, which stated that on May 18, 2011, he had appeared before a magistrate judge and had been released on bond. The district court made a preliminary determination that White's complaint was untimely because his claim for false arrest had accrued on May 18, 2011.

White argued that he did not receive an "initial appearance hearing" and that the statute of limitation did not commence running until he was arraigned on October 26, 2011. White submitted a copy of his bond, which stated that "[n]o preliminary hearing will be held in cases where the accused has posted bond" unless requested in writing. White also submitted a copy of the warrantless arrest affidavit that Hiers executed on May 17, 2011.

Hiers and the City moved for summary judgment on the ground that White's complaint was untimely, and the district court granted the motion. The district court reasoned, based on *Wallace v. Kato*, 549 U.S. 384 (2001), that White's claim for false imprisonment accrued on May 18, 2011, when his "bail [had been] set[], . . . his detention had ended," and his "case was 'bound over' to the state court on the basis of [Hiers's] warrantless arrest affidavit." The district court ruled that

3

White's complaint, which he filed in July 2013, was "outside the two year statute of limitations period."

## II. STANDARD OF REVIEW

"We review a district court's application of a statute of limitations and its grant of summary judgment *de novo*." *McCaleb v. A.O. Smith Corp.*, 200 F.3d 747, 750 (11th Cir. 2000). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. DISCUSSION

A claim for false arrest without a warrant accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal quotation marks and citations omitted). Because a false arrest without a warrant "is a species of" false imprisonment, in order "to determine the beginning of the limitations period [for a warrantless false arrest], [a court] must determine when [the plaintiff's] false imprisonment came to an end." *Id.* at 388, 389. "Reflective of the fact that a false imprisonment consists of detention without legal process, a false imprisonment ends once the [plaintiff] becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389.

4

White's claim for false arrest accrued on May 18, 2011. As the district court stated, White was held pursuant to "'legal process' . . . no later than May 18, 2011." On that date, a magistrate judge reviewed White's charges to fix the amount of his bond and he was released on bail. White was bound over for arraignment under bond.

The district court did not err by entering summary judgment against White's complaint about a false arrest. Georgia law, which provides the governing statute of limitation, provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." Ga. Code Ann. § 9-3-33. White had two years from May 18, 2011, when he became held pursuant to legal process, to commence an action for false arrest. White waited more than two years, until July 19, 2013, to file his complaint. White's complaint against Hiers and the City was untimely.

White argues that legal process did not begin until either September 30, 2011, when he was charged by accusation, or October 26, 2011, when he was arraigned, but these arguments fail. Even if we were to accept as true White's assertion that he was entitled to an "initial appearance hearing" after being charged by accusation, that fact would not affect when his claim for false arrest accrued. And, as the district court stated, the date of White's arraignment was of no moment because "arraignment is not the only 'legal process' that can signal when the

5

limitations period begins to accrue." The Court in *Wallace* did not provide an exhaustive list of situations that constitute the initiation of legal process.

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of Officer Hiers and the City of Riverdale.